IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VENETTA BULLOCK                                                                                    PLAINTIFF

VS.                                          CASE NO. 16-CV-6016

HOT SPRING COUNTY, a Public Body Corporate
and Politic; ED HOLLINGSWORTH, in his official
capacity as Sheriff, Hot Spring Sheriff Department;
MICHAEL D. SEALY, individually and in his
official capacities as a Deputy Sheriff of Hot Spring County,
a Public Body Corporate and Politic; BRIAN MATTHEW BILLINGS
individually and in his official capacities as a Deputy
Sheriff, Hot Spring County, a Public Body Corporate
and Politic                                                                                          DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's response to the Court's May 17, 2016 Order to show cause. (ECF Nos. 10, 14). Plaintiff's Complaint was filed on January 19, 2016. (ECF No. 1). Effective December 1, 2015, the deadline for completing service under Fed. R. Civ. P. 4(m) was shortened from 120 days to 90 days. Accordingly, Plaintiff's deadline for completing service passed on April 18, 2016. Plaintiff filed a motion for extension of the service period on May 8, 2016. (ECF No. 8). Plaintiff's motion for extension did not attempt to show good cause for her failure to complete service or request a service extension within the 90-day period set forth by Rule 4(m). Accordingly, the Court denied the motion and ordered Plaintiff to show cause why this action should not be dismissed for failure to effect timely service.

In the response to the show cause order, Plaintiff's counsel stated that he was unaware that the service period had been reduced to 90 days. This unawareness of the rules led to his untimely motion for extension and failure to effect to service. Plaintiff's counsel also stated that he had now completed service upon Defendants and that Defendants would not be prejudiced by

an extension of the service period. Plaintiff did not include any citations to legal authority in his response.

Pursuant to Federal Rule of Civil Procedure 4(m), "if the district court concludes there is good cause for plaintiff's failure to serve within [the service period], it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Even where good cause is not found, discretionary relief may be justified if excusable neglect is shown and the statute of limitations would bar the refiled action. *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 958 (8th Cir. 2010).

Upon consideration, the Court finds that Plaintiff has failed to show good cause and has failed to show that a discretionary extension is warranted. The considerations set forth in Plaintiff's response are not sufficient to show good cause for Plaintiff's failure to comply with Rule 4. *See Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 884-85 (3d Cir. 1987) (holding that neither inadvertence nor negligence of counsel constitutes good cause for failure to serve summons and complaint within the prescribed time limit); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305-06 (5th Cir. 1985) (holding that later service upon defendants or a lack of prejudice to defendants is not relevant in a good cause analysis).

Plaintiff has also failed to show that a discretionary extension is warranted under the excusable neglect standard. Plaintiff has not indicated that the statute of limitations would bar the re-filing of this action. Moreover, Plaintiff has not indicated that some external factor was present that prevented her from complying with Rule 4(m). Plaintiff was simply unaware of Rule 4(m)'s time requirements. The Court finds that a mistake of counsel caused by unfamiliarity with the rules does not rise to level of excusable neglect in this case.

For the reasons stated above, the Court finds that an extension to the service period is not warranted. Because Plaintiff failed to effect timely service, Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge